UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GOLZAR YOUSEF** | **CIVIL ACTION NO. 25-1947** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Golzar Yousef,[1] a detainee at Richwood Correctional Center ("RCC") in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] [doc. # 1]. For reasons that follow, the Court should deny the petition.

**Background**

Petitioner, a citizen of Iran, was taken into immigration custody on January 8, 2025. [doc. # 1, p. 4]. She was ordered removed from the United States on June 27, 2025. [doc. #s 1, pp. 2, 4; 1-2, pp. 5, 8]. The same day, the immigration judge granted her withholding of removal to Iran. She did not appeal to the Board of Immigration Appeals. [doc. #s 1, pp. 2, 4; 1-2, pp. 8, 11].

---

[1] Petitioner's 'A-Number' is 221390348.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on December 1, 2025. [doc. # 1, p. 8]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that despite her full cooperation, "there is no indication that removal will occur in [the] country [that] has agreed to accept" her and no indication that her "removal will occur in the reasonably foreseeable future." [doc. # 1, p. 6]. She adds, "The consulate has not issued travel documents" or agreed to accept her return. *Id.* She states that "no third country has been identified for removal, yet detention continues without foreseeable end." *Id.* at 2. She has no criminal convictions, she has "a reliable sponsor," and she does "not present a flight risk." *Id.*

Petitioner also claims that her continued detention is unlawful due to her "medical and psychiatric" conditions. [doc. # 1, p. 6]. She has "Adult ADHD (Combined Presentation)" and requires continuous care. *Id.* She states that the conditions at RCC have worsened her symptoms, and she does not receive consistent mental health treatment. *Id.*

Petitioner seeks release from custody under reasonable conditions of supervision. [doc. # 1, p. 7].

## **Jurisdiction**

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005). District courts may not review challenges to final orders of removal. 8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C.

§ 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole,"  8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute.  *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (*citing Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

## Law and Analysis

### I. Overstay in Detention

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas

corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim, however, is premature because she has not been detained more than six months following the date her order of removal became final. She was ordered removed from the United States on June 27, 2025, and to date six months have not elapsed. *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

**II. Conditions of Confinement and Medical Care**

Petitioner seeks release because her "continued detention places [her] health and safety at risk" and because her conditions of detention at RCC have allegedly worsened her symptoms. [doc. # 1, p. 6]. Plainly, she challenges the conditions of his confinement and the quality of her medical care.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ,

4

it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[3]

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available. Likewise, challenges concerning medical care are not cognizable here. *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release"); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the

---

[3] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

5

imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

Here, Petitioner's claims are manifestly unrelated to the cause of her detention. The Court should dismiss them.[4]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that to the extent Petitioner Golzar Yousef seeks release under *Zadvydas*, her Petition be **DISMISSED WITHOUT PREJUDICE** to her right to re-file the claim should her confinement become unconstitutional.

**IT IS FURTHER RECOMMENDED** that Petitioner's claims concerning her conditions of confinement and medical care be **DISMISSED WITH PREJUDICE** here but **WITHOUT PREJUDICE** to her right to raise them in a separate civil rights action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[4] If Petitioner desires to pursue a civil rights action, she must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be cognizant that to file a separate civil rights proceeding, she must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be cognizant that she must exhaust available administrative remedies before pursuing relief here for her claims concerning her conditions of confinement and medical care.

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of December, 2025.

*(signature)*
Kayla Dye McClusky
United States Magistrate Judge